UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:24-CV-00481-FDW-DCK

| | | |
|---|---|---|
| JUSTIN HUBBARD, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, | ) ) ) ) | |
| Plaintiff, | ) ) | **ORDER** |
| vs. | ) ) ) | |
| SOUTHWOOD REALTY COMPANY, | ) ) | |
| Defendant. | ) ) | |

**THIS MATTER** is before the Court by the request of the Parties in this putative Fair Labor Standards Act ("FLSA") collective action for Court resolution of a dispute regarding the scope of discovery preconditional certification. In relevant part, Plaintiff seeks the contact information for all putative collective members, which is currently defined to include all hourly, non-exempt employees in various positions nationwide.

Plaintiff maintains discovery relating to putative collective members is appropriate prior to conditional certification for purposes of obtaining conditional certification, given the alleged off-the-clock nature of this claims. Defendant contends Plaintiff's requests for personal information and documents relating to all hourly, non-exempt employees nationwide is excessively broad and unduly burdensome given Named Plaintiff in this action worked for Defendant at one location in one job title. On October 29, 2024, at a conference with the Court, the Parties, consistent with the Court's proposal, agreed to an initial, limited sampling of contact information for randomly identified putative collective members who worked for Defendant during the relevant time period in the same job title as Named Plaintiff with additional time and pay records to be produced on an

1

as needed basis for purposes of conducting depositions of any putative collective members' noticed for deposition. In accordance with this agreement, the Court orders the requested initial discovery be limited to a sampling of contact information for randomly identified putative collective members who worked for Defendant during the relevant time period in the same job title as Named Plaintiff.

IT IS HEREBY ORDERED that:

1. Within ten (10) business days of this Order, Defendant shall produce the name and last known phone number, email address, and physical address for thirty (30) randomly identified individuals who worked for Defendant in the job title of "Maintenance Supervisor" at any point since May 15, 2021.

2. In the event an identified individual is deemed unreachable (*i.e.*, phone number disconnected, email messages marked undeliverable, and physical mail returned to sender), Defendant shall supplement the original list with a replacement putative collective member and contact information.

3. Defendant shall produce any records related to putative collective members that it uses at depositions before any such deposition. Defendant shall also produce any employment or business records related to putative collective members it uses to oppose Plaintiff's forthcoming Motion for Conditional Certification.

4. This Order is without prejudice to Plaintiff's right to move the Court, consistent with the Court's August 22, 2024, Case Management Order, or any subsequent amendments, for additional contact information and discovery for individuals who worked in positions other than Maintenance Supervisor before conditional certification. Defendant also retains the right to oppose any such motion.

2

**IT IS SO ORDERED**.

Signed: November 4, 2024

Frank D. Whitney
United States District Judge

3