UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:24-CV-00481-MEO-DCK

| | | |
|---|---|---|
| **JUSTIN HUBBARD,** | ) | |
| **Plaintiff,** | ) | |
| **v.** | ) | **MEMORANDUM AND ORDER** |
| **SOUTHWOOD REALTY COMPANY,** | ) | |
| **Defendant.** | ) | |

**THIS MATTER** is before the Court on Plaintiff's "Motion for Conditional Certification and to Provide Notice Pursuant to 29 U.S.C. §216(b)." (Doc. No. 26). The Court held a hearing on the Motion and ordered the parties to meet and confer and to provide the Court with a proposed limited discovery plan specific to the issue of whether Plaintiff is similarly situated to his proposed collective. (Dkt. Entries on March 3, 2026). The parties filed a Joint Report and Proposed Discovery Plan. (Doc. No. 45). Accordingly, this matter is ripe for disposition.

## I. BACKGROUND

Southwood Realty Company ("Southwood") is a property management company for residential apartment complexes. (Doc. No. 26-2; Stowe Dep. 30:8-11). Southwood has many properties located in North Carolina, South Carolina, Virginia, Tennessee, and Georgia. (Doc. No. 26-4). Southwood employs several types of employees, including maintenance supervisors, maintenance technicians, leasing consultants, property managers, and assistant property managers. (Doc. No. 26-5 at 2, 6, 10, 14, 18). Southwood employed Plaintiff Justin Hubbard as a full-time maintenance supervisor at a Knoxville facility. (Doc. No. 26-6; Hubbard Decl. ¶ 3).

Plaintiff filed his Collective Action Complaint on May 15, 2024, alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* (Doc. No. 1 ¶ 1). Plaintiff alleges, on

behalf of himself and all others similarly situated who opt into this action pursuant to 29 U.S.C. § 216(b), that they are entitled to unpaid wages, including overtime premiums for all hours worked in excess of forty hours per workweek as well as overtime bonus premiums. (Doc. No. 1 ¶¶ 1, 4, 49).

On February 14, 2025, Plaintiff filed his "Motion for Conditional Certification and to Provide Notice Pursuant to 29 U.S.C. § 216(b)." (Doc. No. 26). In his Motion, Plaintiff requests the Court enter an order granting "conditional certification" and authorizing Plaintiff to send notice to the following collective:

> all current and former employees who have worked full-time for at least one week for Defendant as non-exempt, hourly employees and worked "on-site" of any of the properties managed by Defendant (i.e., Maintenance Technician, Maintenance, Leasing Agents, Property Managers, and Assistant Property Managers) in the United States during the time period beginning three years prior to the filing of this Complaint until the resolution of this action.

(Doc. No. 26 at 1). Defendant filed a response in opposition to Plaintiff's motion. (Doc. No. 34).

The Court held a Motion Hearing on March 3, 2026. At the hearing, the Court observed that there is no controlling Fourth Circuit precedent on the issue, and the Court noted its inclination to apply the Fifth Circuit's clear, statutorily supported framework for assessing whether putative plaintiffs are similarly situated as outlined in *Swales v. KLLM Transp. Servs., L.L.C.*, 985 F.3d 430, 433–34, 441 (5th Cir. 2021). The Court ordered the parties to meet and confer and create a proposed limited discovery plan on the issue of whether Plaintiff is similarly situated to his proposed collective. (Oral Order entered on March 3, 2026). The parties filed a Joint Report and Proposed Discovery Plan on March 18, 2026. (Doc. No. 45).

## II. DISCUSSION

The Fair Labor Standards Act of 1938 (the "FLSA"), 29 U.S.C. § 201 *et seq.*, "establishes federal minimum-wage, maximum-hour, and overtime guarantees that cannot be modified by contract." *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 69 (2013). The FLSA "gives employees the right to bring a private cause of action on their own behalf and on behalf of 'other employees similarly situated' for specified violations of the FLSA." *Id.* (quoting 29 U.S.C. § 216(b)). The FLSA includes an "opt-in requirement." *Degidio v. Crazy Horse Saloon & Rest. Inc.*, 880 F.3d 135, 143 (4th Cir. 2018) ("To join an FLSA class, each potential plaintiff must consent in writing to become a party in the case. . . . This mechanism has come to be known as the 'opt-in' requirement."). The opt-in requirement provides "[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." 29 U.S.C. § 216(b). "A suit brought on behalf of other employees is known as a 'collective action.'" *Genesis Healthcare Corp.*, 569 U.S. at 69 (quoting *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165, 169–170 (1989)). "Thus, via § 216(b), the FLSA provides a vehicle for managing claims of multiple employees against a single employer." *Halle v. W. Penn Allegheny Health Sys.*, 842 F.3d 215, 223 (3d Cir. 2016).

Since "[n]ormally plaintiffs come to the courts, rather than vice versa," *Clark v. A&L Homecare & Training Ctr., LLC*, 68 F.4th 1003, 1007 (6th Cir. 2023), the question arises in FLSA cases—how does an employee learn about the existence of a FLSA lawsuit in order to "opt-in"? In *Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165 (1989), the United States Supreme Court held that "district courts have discretion, in appropriate cases, to implement 29 U.S.C. § 216(b) . . . by facilitating notice to potential plaintiffs." *Hoffmann-La Roche*, 493 U.S. at 169. But the Court declined to "examine the terms of the notice . . . or its concluding statement indicating court

authorization." *Id.* at 170. The Court simply "confirm[ed] the existence of the trial court's discretion, not the details of its exercise." *Id.*

Without further guidance from the Supreme Court, however, ironing out "the details of [the trial court's] exercise" of notice to "potential plaintiffs" has led to a variety of approaches across the country. *Id.*; *see Richards v. Eli Lilly & Co.*, 149 F.4th 901, 906 (7th Cir. 2025), *cert. denied*, No. 25-476, 2026 WL 79908 (U.S. Jan. 12, 2026) ("With minimal guidance from Congress or the Court, district courts have largely been left to devise their own standards for facilitating notice to similarly situated employees."). "With some variations, district courts generally look to one of two general approaches." *Swales*, 985 F.3d at 436. The first approach initially described in *Lusardi v. Xerox Corp.*, 118 F.R.D. 351 (D. N.J. 1987), "has many variations" but "generally divides the management of a collective action into two steps." *Richards*, 149 F.4th at 906; 1 McLaughlin on Class Actions § 2:16 (22nd ed. 2025) ("Most courts have adopted a two-step approach to 'certification' determinations under Section 216(b): (1) the 'notice' stage and (2) the 'decertification' stage.") (collecting cases).[1] In the first stage of the *Lusardi* approach, "a district court may facilitate notice of an FLSA suit to other employees upon a 'modest factual showing' that they are 'similarly situated' to the original plaintiffs." *Clark*, 68 F.4th at 1008 (quoting *Pritchard v. Dent Wizard Int'l Corp.*, 210 F.R.D. 591, 596 (S.D. Ohio 2002)). Courts use a "fairly lenient standard" at this preliminary stage, considering "minimal evidence," which "typically results in 'conditional certification' of a representative class." 1 McLaughlin on Class Actions § 2:16 (quoting *Moss v. Crawford & Co.*, 201 F.R.D. 398, (W.D. Pa. 2000)).[2] "Step two occurs once

[1] The less common approach stems from *Shushan v. University of Colorado at Boulder*, 132 F.R.D. 263 (D. Colo. 1990) and requires a showing that the plaintiffs satisfy the requirements of Federal Rule of Civil Procedure 23. *Shushan*, 132 F.R.D. at 268.

[2] "[S]ome courts have applied a more rigorous intermediate standard where the parties have completed some discovery or substantially completed discovery on class certification issues."

opt-in and discovery are complete, at which point the defendant typically moves to challenge whether the collective is similarly situated." *Richards*, 149 F.4th at 907. At this second stage, "district courts on a motion for decertification will undertake a more searching analysis, consulting three second-stage factors to determine whether opt-in plaintiffs are similarly situated." 1 McLaughlin on Class Actions § 2:16 (collecting cases).

In recent years, circuit courts have called the *Lusardi* approach into question and have fastened different approaches to the notice process. In 2021, the Fifth Circuit rejected *Lusardi*, citing that *Lusardi*'s framework "frustrates, rather than facilitates, the notice process" and that "*Lusardi* has no anchor in the FLSA's text or in Supreme Court precedent interpreting it." *Swales*, 985 F.3d at 434, 439. The Fifth Circuit thereby held "a district court should identify, at the outset of the case, what facts and legal considerations will be material to determining whether a group of 'employees' is 'similarly situated.' And then it should authorize preliminary discovery accordingly." *Id.* at 441.

Two years later, the Sixth Circuit rejected "*Lusardi*'s characterization of the notice determination as a 'certification,' conditional or otherwise." *See Clark v. A&L Homecare & Training Ctr., LLC*, 68 F.4th 1003, 1009 (6th Cir. 2023). The Sixth Circuit instead analogized "[a] district court's determination to facilitate notice in an FLSA suit . . . to a court's decision whether to grant a preliminary injunction." *Id.* at 1010. The court adopted "part of the preliminary-injunction standard" and held that "for a district court to facilitate notice of an FLSA suit to other employees, the plaintiffs must show a 'strong likelihood' that those employees are similarly

---

1 McLaughlin on Class Actions § 2:16. This has been called the "modest-plus" or "'intermediate' standard." *Richards*, 149 F.4th at 907 (quoting *Hawkins v. Alorica, Inc.*, 287 F.R.D. 431, 439 (S.D. Ind. 2012); *O'Neil v. Bloomin' Brands Inc.*, 707 F. Supp. 3d 768, 776 (N.D. Ill. 2023)) ("Occasionally, if significant discovery has already taken place, courts will impose a higher level of scrutiny—referred to as a 'modest-plus' or 'intermediate' standard—before issuing notice.").

situated to the plaintiffs themselves." *Id.* at 1011 (citing *Memphis A. Philip Randolph Inst. v. Hargett*, 2 F.4th 548, 554 (6th Cir. 2021)).

Lastly, while not expressly rejecting *Lusardi*, the Seventh Circuit held that "to secure notice, a plaintiff must first make a threshold showing that there is a material factual dispute as to whether the proposed collective is similarly situated." *Richards*, 149 F.4th at 913. This approach attempts to avoid a "solicitation of claims" by requiring parties to meet a higher evidentiary standard while maintaining the FLSA's "remedial goals." *Id.* at 913–15 (quoting *Hoffman-La Roche*, 493 U.S. at 174). The Seventh Circuit's somewhat muddled and complicated approach is outlined as follows:

> [A] plaintiff must produce some evidence suggesting that they and the members of the proposed collective are victims of a common unlawful employment practice or policy. A plaintiff's evidence of similarly need not be definitive, but defendants must be permitted to submit rebuttal evidence and, in assessing whether a material dispute exists, courts must consider the extent to which plaintiffs engage with opposing evidence . . . Once the district court is satisfied that there is at least a material dispute, the decision to issue notice will depend on its assessment of the factual dispute before it . . . If the district court is persuaded that the evidence necessary to resolve a similarity dispute is likely in the hands of yet-to-be-noticed plaintiffs, it may proceed with a two-step approach—that is, it may issue notice to the proposed collective while postponing the final determination as to whether plaintiffs are similarly situated until plaintiffs move for certification after opt-in and discovery are complete.

*Id.* at 913.

The Fourth Circuit has remained silent on "the details of [the trial court's] exercise" of notice to "potential plaintiffs." *Hoffman-La Roche*, 493 U.S. at 170; *see Johnson v. PHP of NC, Inc.*, No. 5:23-CV-00462-M, 2024 WL 2290590, at *3 (E.D.N.C. May 21, 2024) ("[N]either the Supreme Court nor the Fourth Circuit have addressed the process required for certification of a collective action under the FLSA."). However, "whether by independent deliberation or by

'anchoring bias,'" *Clark*, 68 F.4th 1003 at 1008, district courts within the Fourth Circuit have consistently applied the *Lusardi* approach. *See, e.g.*, *Kneppar v. Elevance Health Cos., Inc.*, No. CV MJM-23-863, 2024 WL 1156406, at *3 (D. Md. Mar. 18, 2024). "But practice is not necessarily precedent." *Swales*, 985 F.3d at 440.

As one district court in the Fourth Circuit has recognized, "the Fifth Circuit's approach is the better one." *Mathews v. USA Today Sports Media Grp., LLC*, No. 1:22-CV-1407, 2023 WL 3676795, at *3 (E.D. Va. Apr. 14, 2023). In *Matthews*, the court focused on the text of 29 U.S.C. § 216(b) and acknowledged that the "FLSA says nothing at all about 'conditional certification'" and "does not authorize courts sending notice to those who are not 'similarly situated.'" *Id.* The court denied the plaintiff's motion to conditionally certify a collective and ordered the parties to conduct discovery "limited to the facts material to determining whether a group of individuals is similarly situated under 29 U.S.C. § 216(b)." *Id.* at *4.

The district court's "job is to interpret and apply the law, not to make it." *Benitez v. Charlotte-Mecklenburg Hosp. Auth.*, 992 F.3d 229, 237 (4th Cir. 2021). This Court begins with the text of § 216(b), which states as follows:

> An action to recover the liability . . . may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated. No employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought.

29 U.S.C. § 216(b). Notably, the words "conditional certification" are nowhere in the text of 29 U.S.C. § 216(b), and those words have never appeared in the statute. From 1938 to date, Congress has not shed light on the FLSA's "similarly situated" provision. *Halle*, 842 F.3d at 223 ("Congress has provided no framework setting forth how and when it is to be determined whether

employees are "similarly situated."). When first enacted in 1938, the statute twice contained the words "similarly situated."[3] In 1947, this language was amended, and Congress removed one reference to "similarly situated."[4] Congress has not amended the "similarly situated" language since, despite passing other amendments to the statute.[5] However, while Congress has offered little guidance as to the interpretation § 216(b), *Lusardi*'s two-step "certification" process is clearly not contained within text of the statute.[6]

Collective actions provide employees with "the advantages of pooling resources and lowering individual costs so that those with relatively small claims may pursue relief where individual litigation might otherwise be cost-prohibitive." *Halle*, 842 F.3d at 223. However, "collective actions also pose dangers." *Swales*, 985 F.3d at 435. These dangers include "the opportunity for abuse (by intensifying settlement pressure no matter how meritorious the action)"

---

[3] *See* Fair Labor Standards Act of 1938, ch 676, § 16(b), 52 Stat. 1060, 1069 ("Action to recover such liability may be maintained in any court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated, or such employee or employees may designate an agent or representative to maintain such action for and in behalf of all employees similarly situated.").

[4] *See* Portal-to-Portal Act of 1947, ch 52, Part IV, § 5(a), 61 Stat. 84, 87 ("The second sentence of section 16(b) . . . is amended to read as follows: 'Action to recover such liability may be maintained in any court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees similarly situated.'").

[5] *See* Fair Labor Standards Amendments of 1961, Pub. L. No. 87-30, § 12(a), 75 Stat. 65, 74; Fair Labor Standards Amendments of 1974, Pub. L. No. 93-259, §§ 6(d)(1), 25(c), 26, 88 Stat. 55, 61, 72, 73; Fair Labor Standards Amendments of 1977, Pub. L. No. 95-151, § 10, 91 Stat. 1245, 1252; Consolidated Appropriations Act, 2018, Pub. L. No. 115-141, Div. S, Title XII, 132 Stat. 348, 1148–49; Consolidated Appropriations Act, 2023, Pub. L. No. 117-328, Div. KK, § 102(b)(2), 136 Stat. 4459, 6096.

[6] The Sixth Circuit's adoption of "part of the preliminary-injunction standard," *Clark*, 68 F.4th at 1011, and the Seventh Circuit's malleable "material dispute" assessment process, *Richards*, 149 F.4th at 913–15, both do some work to determine whether putative plaintiffs are similarly situated in advance of providing notice. However, they too go beyond § 216(b)'s simple statement allowing "similarly situated" employees to join as parties to an FLSA action.

and "the appearance of court-endorsed solicitation of claims" as admonished by the Supreme Court in *Hoffmann-La Roche*. *Swales*, 985 F.3d at 435; *Hoffmann-La Roche*, 493 U.S. at 174 ("Court intervention in the notice process for case management purposes is distinguishable in form and function from the solicitation of claims."). By identifying "at the outset of the case, what facts and legal considerations will be material to determining whether a group of 'employees' is 'similarly situated'" and "authoriz[ing] preliminary discovery accordingly," *Swales*, 985 F.3d at 441, this Court serves the text of 29 U.S.C. § 216(b) and does not run afoul of the Supreme Court's mandate for courts to scrupulously "respect judicial neutrality." *Hoffmann-La Roche*, 493 U.S. at 174.

Absent guidance from Congress, the Supreme Court, or the Fourth Circuit,[7] this Court joins the *Matthews* court in "hopefully providing a workable, gatekeeping framework for assessing, at the outset of litigation, *before* notice is sent to potential opt-ins, whether putative plaintiffs are similarly situated—not abstractly but actually." *Swales*, 985 F.3d at 433. With that, the Court denies without prejudice Plaintiff's Motion for Conditional Certification and to Provide Notice Pursuant to 29 U.S.C. § 216(b). (Doc. No. 25). To allow the parties to develop the necessary evidence for the Court to determine whether there is a collective of similarly situated employees entitled to notice, the Court hereby **ORDERS** the parties to engage in the limited discovery plan as outlined below. Plaintiff may subsequently file a motion for collective designation after the close of limited discovery.

[7] The Fourth Circuit has previously denied review on this issue. *See Thomas v. Maximus, Inc.*, No. 3:21cv498, 2022 WL 1482010, at *9 (E.D. Va. May 10, 2022) (certifying an interlocutory appeal on the following question: "What legal standard should courts apply when deciding whether to certify a collective action under the Fair Labor Standards Act, 29 U.S.C. § 216(b)?") and Order, *Maximus, Inc. v. Thomas,* No. 22-00185 (4th Cir. May 20, 2022), (Doc. No. 17) (denying petition for permission to appeal).

## III. CONCLUSION

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Motion for Conditional Certification and to Provide Notice Pursuant to 29 U.S.C. § 216(b) (Doc. No. 25) is **DENIED WITHOUT PREJUDICE**; and
2. The Court **ORDERS** the following limited discovery plan:
   a. Limited discovery shall begin immediately upon the entry of this Order and shall be completed by June 23, 2026;
   b. Discovery shall be limited to the facts material to determining whether putative collective members are similarly situated to Plaintiff pursuant to 29 U.S.C. § 216(b);
   c. Plaintiff may serve a total of an additional 10 interrogatories, 10 requests for production, and 10 requests for admission on Defendant;
   d. Defendant may serve a total of an additional 10 interrogatories, 10 requests for production, and 10 requests for admission on each Plaintiff;
   e. A subpart of an interrogatory or request for admission shall count towards the limit.
   f. Each party may take 5 additional depositions;
   g. Defendant shall produce payroll and timekeeping records (including timecard reports, pay summaries, and payroll reports) for the 60 individuals for whom contact information has already been provided; and
   h. Plaintiff may file a motion for collective designation within thirty (30) days of the close of the limited discovery period. Page limits, fonts, spacing, and time frames for the filing of responses and for replies shall be in accordance with

Local Civil Rule 7.1, except that Plaintiff's reply, if any, shall be limited to 10 pages.

**SO ORDERED.**

Signed: March 25, 2026

Matthew E. Orso
United States District Judge