UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:24-CV-00481-MEO-DCK

JUSTIN HUBBARD,     )
            )
   Plaintiff,    )
            )
   v.      )   <u>MEMORANDUM & ORDER</u>
            )
SOUTHWOOD REALTY COMPANY, )
            )
   Defendant.   )
            )

**THIS MATTER** is before the Court on Plaintiff's Motion for Leave to Certify Order Denying Plaintiff's Motion for Conditional Certification for Interlocutory Appeal (Doc. No. 47). For the reasons explained below, Plaintiff's Motion is **DENIED**.

On February 14, 2025, Plaintiff filed his "Motion for Conditional Certification and to Provide Notice Pursuant to 29 U.S.C. § 216(b)." (Doc. No. 26). The Court held a motion hearing on March 3, 2026. The Court denied Plaintiff's motion without prejudice, adopting the Fifth Circuit's framework for assessing whether putative plaintiffs are similarly situated as outlined in *Swales v. KLLM Transp. Servs., L.L.C.*, 985 F.3d 430, 433–34, 441 (5th Cir. 2021). (Doc. No. 46). The Court further ordered the parties to begin following the Court's limited discovery plan. *Id.* at 10. Plaintiff now moves this Court to certify for interlocutory appeal its Order denying Plaintiff's "Motion for Conditional Certification and to Provide Notice Pursuant to 29 U.S.C. § 216(b)." (Doc. No. 47).

## I. LEGAL STANDARD

A district court may certify an interlocutory order for immediate appeal where (1) the "order involves a controlling question of law"; (2) "as to which there is substantial ground for difference of opinion"; and (3) "an immediate appeal from the order may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). "Unless all these elements are met, 'the district court may not and should not certify its order . . . for an immediate appeal under section 1292(b).'" *Raycap Asset Holdings Ltd. v. Gora LLC*, No. 3:20-CV-00363-KDB-DCK, 2023 WL 1768134, at *2 (W.D.N.C. Feb. 3, 2023) (quoting *Butler v. DirectSAT USA, LLC*, 307 F.R.D. 445, 452 (D. Md. 2015)).

"The purpose of § 1292(b) is to allow for an early appeal of an order when appellate-level resolution of issues addressed by that order may provide more efficient disposition of the litigation." *State ex rel. Howes v. Peele*, 889 F. Supp. 849, 851–52 (E.D.N.C. 1995). This provision "was not intended to allow interlocutory appeal in ordinary suits," or "as a vehicle to provide early review of difficult rulings in hard cases." *Id.* at 852 (citations omitted). Rather, section 1292(b) "is limited to extraordinary cases where early appellate review might avoid protracted and expensive litigation." *Id.* Accordingly, the Fourth Circuit has cautioned that section 1292(b) "should be used sparingly and . . . its requirements must be strictly construed." *Myles v. Laffitte*, 881 F.2d 125, 127 (4th Cir. 1989). The decision of whether to certify an interlocutory appeal is a matter within the discretion of the district court. *See Howes*, 889 F. Supp. at 852.

## II. DISCUSSION

Here, "an immediate appeal from the order" would not "materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Moreover, nothing indicates that granting Plaintiff's motion "may provide more efficient disposition of the litigation." *Howes*, 889 F. Supp. at 851–52.

Plaintiff argues immediate appeal would substantially shorten the litigation. He contends that reversal of the Court's Order would "bear heavily on potential settlement pressure and the likelihood of an early resolution." (Doc. No. 47-1 at 7–8). Reversal may well do that. But as Defendant notes, "[c]oncerns about 'settlement pressure' do not overcome the considerations weighing against certification." (Doc. No. 48 at 13). The Court declines to further one side's potential settlement posture at the expense of a just and efficient resolution of the merits.

Under this Court's Order, the parties are well underway conducting limited discovery. The evidence being gathered will allow the Court to determine whether there is a collective of similarly situated employees entitled to notice. (Doc. No. 46 at 9). Granting Plaintiff's Motion would impose substantial delay to this limited discovery process. No matter the potential outcome at the Fourth Circuit (affirmance or reversal), the case would return to this Court for further proceedings. And it would remain to be determined whether there is a collective of similarly situated employees entitled to notice.

Additionally, like in *Cronin v. Bank of Am. Corp.,* "this Court finds that the Fourth Circuit and Supreme Court have provided guidance on this issue and

concludes that this question is not suitable for an interlocutory appeal." No. 3:23-CV-00813-KDB-DCK, 2024 WL 3658837, at *2 (W.D.N.C. Aug. 5, 2024). Consequently, the Court, in its discretion, does not find this to be an exceptional case that warrants a grant of Plaintiff's Motion.

## III.    CONCLUSION

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion for Leave to Certify Order Denying Plaintiff's Motion for Conditional Certification for Interlocutory Appeal (Doc. No. 47) is **DENIED**.

**SO ORDERED.**

Signed: May 14, 2026

Matthew E. Orso
United States District Judge

4