UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:24-CV-00481-MEO-DCK

| | | |
|---|---|---|
| JUSTIN HUBBARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | MEMORANDUM AND ORDER |
| | ) | |
| SOUTHWOOD REALTY COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**THIS MATTER** is before the Court on Plaintiff Justin Hubbard's Motion to Continue Deadline to Complete Discovery in the Court's March 25, 2026, Order (Doc. 55). For the reasons set forth below, the Court will deny the motion.

## I. BACKGROUND

The Court issued an order on March 25, 2026, directing limited discovery on the similarly-situated inquiry to begin "immediately" and close June 23, 2026. (Doc. 46.) Plaintiff did not serve discovery until May 5, 2026, and noticed one of the five permitted depositions—the Rule 30(b)(6) deposition—which Plaintiff himself asked to reschedule to the final day of discovery. During that deposition, Plaintiff's counsel asserted that testimony revealed documents previously withheld, including Courtesy Connect on-call records, inter-departmental communications on meal-break pay, and complaint-handling procedures. The parties could not agree on an extension, and Plaintiff filed this Motion the next day seeking ninety additional days.

## II. LEGAL STANDARD

A scheduling order "may be modified only for good cause and with the judge's

consent." Fed. R. Civ. P. 16(b)(4).

> "Good cause" requires "the party seeking relief [to] show that the deadlines cannot reasonably be met despite the party's diligence," and whatever other factors are also considered, "the good-cause standard will not be satisfied if the [district] court concludes that the party seeking relief (or that party's attorney) has not acted diligently in compliance with the schedule." *See* 6A Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, *Federal Practice and Procedure Civ.3d* § 1522.2 (3d ed.2010) (collecting cases); *see also* 3 Moore's Federal Practice § 15.14[1] [b], at 16–72 (Matthew Bender 3d ed. 2010) ("[A]lthough undoubtedly there are differences of views among district judges about how compelling a showing must be to justify extending the deadlines set in scheduling orders, it seems clear that the factor on which courts are most likely to focus when making this determination is the relative diligence of the lawyer or lawyers who seek the change.").

*Cook v. Howard*, 484 F. App'x 805, 815 (4th Cir. 2012).

## III.  DISCUSSION

Plaintiff has not demonstrated the diligence required for an extension of the discovery period. Plaintiff waited over five weeks to serve any discovery after the Court ordered it to begin immediately; he exercised only one of five permitted depositions and chose to schedule it on the last day of discovery, foreclosing any opportunity to resolve resulting disputes before the deadline; and records he alleges were not produced were either produced, or addressed in testimony, well before the close of discovery without follow-up on his part. A party's own decision to defer discovery to the eve of a deadline, or to prioritize requests the Court had already rejected, does not establish the diligence Rule 16(b)(4) requires. And characterizing long-available documents as newly discovered does not convert delay into good cause.

2

The Court ordered a limited, 90-day discovery period on March 25, 2026. That period ended on June 23, 2026, before Plaintiff filed his Motion to Continue. The Court does not find good cause to reopen discovery.

## IV.   CONCLUSION

**IT IS, THEREFORE, ORDERED** that Plaintiff's Motion to Continue Deadline to Complete Discovery (Doc. No. 55) is DENIED.

**SO ORDERED.**

Signed: July 7, 2026

Matthew E. Orso
United States District Judge

3